IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Frazier, #265586, ) | C/A No.: 1:20-3032-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Warden James Blackwell and ) | |
| Warden Joseph McFadden. ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the following motions filed by Plaintiff: (1) motions to compel [ECF Nos. 19, 29]; (2) motion to appoint counsel [ECF No. 24]; and (3) motion to amend the complaint [ECF No. 30]. For the foregoing reasons, Plaintiff's motions are denied.

I.      Motions to Compel [ECF Nos. 19, 29]

Both of Plaintiff's motions to compel seek the same information. Plaintiff seeks the daily log books from the two housing units in which he resided for approximately two years at Lieber Correctional Institution ("LCI") during: (1) the lockdown of the prison unit following the escape of Inmate Causey and (2) the lockdown of the prison unit following the well-publicized inmate riot at Lee Correctional in April 2018. [ECF Nos. 19, 20-1]. Defendants, former Warden and Associate Warden of LCI ("Defendants"), objected to the scope of the requests as overly broad. *Id*. In

their response, Defendants also argue that, as former employees, they do not have access to the logbooks. [ECF No. 20]. Defendants argue the logbooks consist of daily logs of "corrections officers tracking cell counts, cell searches, medical issues/pill pass, and other security related incidents." *Id.* at 2. Although Plaintiff did not file a reply as to his first motion to compel, in his second motion to compel, he argues Defendants can redact any information pertaining to other inmates. [ECF No. 29].

The undersigned denies Plaintiff's motions to compel related to production of the logbooks as not proportional to the needs of the case. The Federal Rules of Civil Procedure provide that parties may obtain relevant, nonprivileged discovery that is "proportional to the needs of the case, considering the importance of the issues of the stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the court finds that requiring Defendants to produce hundreds of pages of daily logbooks to find limited references to Plaintiff or when he was permitted to shower or have recreation, and to redact all references to any other prisoners, is not proportional to the needs of the case. Plaintiff may submit a sworn affidavit advising the court of the frequency he was permitted showers and recreation.

Similarly, Plaintiff seeks a copy of the floor plans for both dorms showing the location of the drains, as well as pictures of the floors. [ECF No. 20-1]. Defendants objected, arguing the request is irrelevant to Plaintiff's claims and disproportionate to the needs of the case, as well as noting that providing prisoners floor plans of a prison poses a security threat. *Id.* In their response, Defendants also note that they are no longer employees at LCI and do not have access to such documents. [ECF No. 20 at 3]. The court agrees that providing Plaintiff with a floor plan of the prison poses a security threat. With regard to photographs, Plaintiff is not entitled to require Defendants to create documents for production. However, the undersigned again notes Plaintiff may submit a sworn affidavit describing the drains in his dorms and attach a drawn diagram if it would be helpful.

Accordingly, Plaintiff's motions to compel [ECF Nos. 19, 29] are denied.

II.     Motion to Appoint Counsel [ECF No. 24]

Plaintiff requests the court appoint him counsel, arguing Defendants have not been cooperative in discovery. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th

Cir. 1975). Plaintiff in his motion has not shown any exceptional circumstances exist in this case, and he has shown his ability to file motions to compel regarding any discovery disputes.

After a review of the file, the court has determined there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

III.   Motion to Amend the Complaint [ECF No. 30]

On March 4, 2021, Plaintiff filed a motion to amend his complaint to add Warden Randall Williams to this suit, as he was the warden during one of the lockdowns at issue. [ECF No. 30]. The deadline for amendment of pleadings in this case expired on November 23, 2021 [ECF No. 13], and presumably Plaintiff was aware of the identity of the warden during each lockdown. Defendants have already filed a dispositive motion in this case. [ECF No. 26]. As such, it would be prejudicial to Defendants to permit Plaintiff to amend his complaint to add an additional party, possibly requiring

discovery related to the new party. Plaintiff's motion to amend his complaint [ECF No. 30] is denied as untimely.

    IT IS SO ORDERED.

March 16, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge